[726 NYS2d 718]

In the Matter of S. HAL MERCER, IV, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 25, 2001

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn, for petitioner.

*Felton & Associates,* Brooklyn (*Regina Felton* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing four charges of professional misconduct. In his answer, he admitted in part and denied in part the allegations contained in the petition. He also denied that he was guilty of violating the Disciplinary Rules. After a hearing, the Special Referee sustained all four charges. The Grievance Committee now moves to confirm, and the respondent cross-moves to disaffirm, the Special Referee's report.

Charge One alleged that the respondent executed and submitted a false and misleading sworn statement to a court, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5), (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [5], [7]). The respondent was retained to represent Laverne E. Huggins in a matrimonial proceeding. Huggins subsequently commenced an action against him in Small Claims Court, Queens County, for a refund of the $3,000 legal fee that she paid him. The respondent failed to appear in that action. On December 16, 1997, following an inquest, Huggins obtained a judgment against the respondent in the amount of $3,015. The respondent thereafter moved, *inter alia,* to vacate the default judgment and dismiss the action. In an affidavit dated January 1, 1998, in support of the motion, he stated that Huggins filed a complaint against him with the Grievance Committee pertaining to his handling of her divorce, and that:

> "[a]fter a full investigation of the plaintiff's grievance, the Grievance Committee agreed with your deponent that the delay the plaintiff [Ms. Huggins] has complained of is due to the backlog of the court."

In fact, the respondent was aware that the complaint filed against him by Ms. Huggins had not been concluded and that the Grievance Committee had not taken the position attributed to it.

Charge Two alleged that the respondent filed with a court a motion and supporting papers that were calculated to mislead the court, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5), (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [5], [7]). The respondent represented Delores Mills Charles and

her husband, Rocqual Charles, in a personal injury action. On December 18, 1992, in the Supreme Court, Kings County, Mr. and Mrs. Charles orally agreed to settle their claims for $20,000. A stipulation of discontinuance was entered on January 4, 1993, and filed with the Kings County Clerk's office on January 19, 1993. The respondent was unable to obtain executed general releases from Mr. and Mrs. Charles, who declined to sign them. Malcolm Fein, Esq., was subsequently retained by Mr. and Mrs. Charles to obtain a larger net recovery for them. The respondent communicated with Mr. Fein about obtaining executed releases from Mr. and Mrs. Charles.

In January 1997, without the knowledge or consent of Mr. and Mrs. Charles and Mr. Fein, the respondent obtained and served on counsel for the defendants in that action and their insurance carrier an order to show cause seeking entry of the judgment. In an affidavit dated January 8, 1997, which was filed in support of the order to show cause, the respondent failed to disclose that the judgment had not been entered because his clients refused to sign the releases and that Fein had been retained by them to negotiate a larger net recovery.

Charge Three alleged that the respondent failed to promptly notify his clients and a third person of his receipt of funds on their behalf, and that he failed to properly safeguard those funds, which were entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (b) (1) and (4); (c) (1) (22 NYCRR 1200.46 [b] [1], [4]; [c] [1]). Under the initial retainer agreement with Mr. and Mrs. Charles, the respondent would have been entitled to one third of the amount recovered. In his discussions and negotiations with Malcolm Fein, who was acting on behalf of Mr. and Mrs. Charles, the respondent offered to accept a reduced fee. On July 15, 1998, the respondent received from the attorneys for the defendants a check in the amount of $10,000, which represented one half of the initial agreed-upon settlement. The check was payable to the order of the respondent, Malcolm Fein, and Mr. and Mrs. Charles. Without the permission or consent of Mr. Fein or Mr. and Mrs. Charles, the back of the check was endorsed with the respondent's deposit stamp and deposited into the respondent's attorney escrow account at Chemical Bank. In August 1998, the respondent withdrew $9,634.44 from that account, which purportedly represented his legal fee of $6,666.67 plus disbursements in the amount of $2,967.77. The respondent knew that Mr. and Mrs. Charles were disputing the amount of legal fees to which he was entitled. He also knew that he was

withdrawing a legal fee in an amount equal to one third of the total settlement figure when, in fact, only one half of the settlement had been recovered.

Charge Four alleged that the respondent commenced a lawsuit when he knew, or it was obvious that, such lawsuit would serve merely to harass another, in violation of Code of Professional Responsibility DR 7-102 (a) (1) (22 NYCRR 1200.33 [a] [1]), and that the lawsuit was prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]). Although the respondent had already taken the maximum possible legal fee to which he was entitled, as well as disbursements, on August 19, 1998, he commenced an action against Malcolm Fein and Mr. and Mrs. Charles, to recover an attorney's fee, costs, and disbursements in the amount of $10,000.

Based on the evidence adduced at the hearing, including the respondent's admissions, all four charges were properly sustained by the Special Referee.

The respondent presented no evidence to mitigate his misconduct, and he continues to maintain his innocence.

The respondent has a lengthy disciplinary history, which includes three letters of caution, two admonitions (one of which was personally delivered), and a reprimand.

Under the totality of the circumstances, the respondent's disbarment is warranted.

BRACKEN, P. J., O'BRIEN, SANTUCCI, ALTMAN and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the Special Referee's report is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, S. Hal Mercer, IV, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, S. Hal Mercer, IV, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice,

board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.